## SOUTHERN DEPARTMENT—WESTERN DIVISION.
## DECEMBER TERM, 1895.

THE YORK DRAPER MERCANTILE COMPANY v. R. N.
HUTCHINSON *et al:*

NO. 2.

1. JUDGMENT BY DEFAULT, *Setting Aside.* Where a judgment has been obtained against a party without service of summons upon him, or other notice, as required by law, and he has made no appearance to said action or waived the service of summons upon him, such judgment is void, and may be set aside on motion at the term of court subsequent to the term at which the same is rendered.

2. JUDGMENT AGAINST MINOR, *When Voidable—Setting Aside.* A judgment rendered against a minor without the appointment of a guardian *ad litem*, or without the appearance of such minor by guardian or next friend, where his property rights are affected, is irregular and voidable, and may be set aside on motion of such minor by his next friend at the next term of court after such judgment was rendered.

3. PETITION — *General Demurrer.* Where a petition states sufficient facts well pleaded that, if they were all true, would entitle the party to judgment against the defendants, *held*, that a demurrer thereto for the reason that such petition does not state facts sufficient to constitute a cause of action should be overruled.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action by The York Draper Mercantile Company against R. N. Hutchinson and others. Judgment for defendants, and plaintiff brings the case here. Reversed. The opinion herein was filed January 17, 1896.

*Sutton & McGarry,* and *J. F. Frankey,* for plaintiff in error.

*W. E. Hendricks,* for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : In May, 1888, the York Draper Mercantile Company commenced an action in the district court of Ford county, Kansas, against R. N. Hutchinson, R. P. Hutchinson and The Dodge City Ice Company, for the purpose of subjecting certain shares of the capital stock of the Dodge City Ice Company held by R. P. Hutchinson (a minor son of R. N. Hutchinson) to the payment of three several judgments against R. N. Hutchinson, and to restrain R. P. Hutchinson and the Dodge City Ice Company from transferring or in any way disposing of said stock. On the filing of the petition and affidavits and proof that the judge of the district court was absent from the county of Ford, the probate judge of said county granted a temporary restraining order as prayed for in the petition, and fixed the amount of the undertaking for the injunction ; and thereupon the clerk of the district court issued a summons to the defendants named in the petition, and indorsed the summons "Injunction allowed." Said summons was dated May 19, 1888, directed to the sheriff of Ford county. The sheriff made the following return, indorsed on the summons :

"Received this writ on the 19th day of May, 1888, at 4 o'clock P. M. May 19, 1888, served the same by delivering a copy thereof, with the indorsements thereon, duly certified, to the within-named defendants, the Dodge City Ice Company, by copy to its president, H. M. Berverly, and R. N. Hutchinson and R. P. Hutchinson personally." .

On the 12th day of June, 1888, an answer was filed by the defendants. On the 30th day of November the case was tried before the court, without a jury, and resulted in a judgment for the plaintiff sustaining the

injunction; also judgment against R. N. Hutchinson
for $105.68 and costs of suit; that if the same should
not be paid in 30 days thereafter, six shares of the
capital stock of the Dodge City Ice Company, held
by R. P. Hutchinson, be sold to the highest bidder, in
the same manner that sales of chattels are made un-
der execution, by an order of the court, to be issued
by the clerk to the sheriff of Ford county, Kansas,
and that the proceeds of such sale be applied to the
payment of said judgment. On the 4th day of Feb-
ruary, 1889, on application of plaintiff, the judgment
of November 30, 1888, was amended so as to order
that all the shares of the capital stock of the Dodge
City Ice Company, to wit, 10 shares, held by R. P.
Hutchinson be sold. Afterward, an order of sale was
issued by the clerk of said court, and the 10 shares of
stock sold by the sheriff of said county, and a return
of the sale thereof made to the court. On the 4th day
of May, 1889, R. P. Hutchinson, by W. E. Hendricks,
his next friend, filed a motion to set aside the judg-
ment in the case, for the reasons (1) that the judg-
ment was irregular because no guardian *ad litem* was
appointed; (2) that the judgment was irregular and
void for want of jurisdiction, this defendant not hav-
ing been served with summons or other legal process;
(3) that the judgment was illegal and void, for that it
was rendered on the 1st day of December, 1888, sub-
jecting certain property of this defendant to the pay-
ment of the debt of another; that afterward, to wit,
on the 4th day of February, 1889, said judgment was
increased 40 per cent. without filing a motion there-
for, as required by the rules of the district court in
and for Ford county, Kansas, and without any notice
or knowledge to this defendant. On the 25th day of

4—2 APP.

May, 1889, this motion was heard by the court, and the court thereupon made the following order :

"Being fully advised in the matter, ordered and adjudged that said judgment be opened, and R. P. Hutchinson be allowed to plead to plaintiff's petition. . . . That R. N. Hutchinson is hereby appointed guardian *ad litem* for R. P. Hutchinson."

Thereafter R. P. Hutchinson, by his guardian *ad litem*, filed a demurrer to the petition of the plaintiff, which was by the court sustained, and the plaintiff electing to stand upon its petition, judgment was rendered against it for costs of suit. The plaintiff now brings its case to this court, and assigns two errors, upon which it asks that the judgment of the district court be reversed : (1) That the court erred in opening up the judgment of November 30, as amended February 4 ; and (2) that the court erred in sustaining the demurrer of R. P. Hutchinson, and rendering judgment thereon against the plaintiff.

This brings us to the consideration of the errors in the order assigned. Was the judgment void, or voidable only? If the judgment was vacated because there was no service of summons on R. P. Hutchinson, then the judgment would be absolutely void for want of jurisdiction over his person. If it was vacated because R. P. Hutchinson was a minor and no guardian *ad litem* had been appointed, then the judgment would be voidable only. The record is very indefinite as to whether the court found there was any service of summons on R. P. Hutchinson, or whether it vacated it solely for the reason that it was irregularly obtained by reason of no guardian *ad litem* having been appointed. The record of the court in vacating the judgment reads as follows :

"Now, on this 25th day of May, 1889, this cause

came on to be heard in its regular order on the docket, on motion of R. P. Hutchinson ; and the court, after hearing the argument of counsel for plaintiff and defendant, and being fully advised in the matter, orders and adjudges that said judgment be opened.''

Taking the evidence set out in the record in connection with the order and findings of the court, we are led to conclude that the court vacated the judgment for want of jurisdiction over the person of the defendant R. P. Hutchinson, and we do not think the court erred in setting aside and vacating the judgment herein.

The second error complained of is the sustaining of the demurrer of the defendant R. P. Hutchinson to the petition of the plaintiff. The petition of the plaintiff alleges that it is a corporation duly and legally incorporated under and by virtue of the laws of Kansas, and that the defendant the Dodge City Ice Company is a corporation duly incorporated under and by virtue of the laws of Kansas ; that the defendant R. P. Hutchinson is a minor, and R. N. Hutchinson is his father and guardian by nature. The petition then sets out the obtaining of three several judgments against the defendant R. N. Hutchinson, the issuing of executions thereon, directed to the sheriff of Ford county, Kansas, and the return of the sheriff that no property of the defendant could be found whereof to make said judgments. It further alleges that the debt for which the judgments were rendered was contracted for before the month of December, 1887, and alleges that certain shares of capital stock in the Dodge City Ice Company were procured by the said R. N. Hutchinson in said corporation for a certain interest that the said R. N. Hutchinson owned in a partnership of which he was a member, and which was taken and formed ·

a part of the assets and stock of the Dodge City Ice Company, and that for his interest in said partnership and property the company issued shares of stock therefor; but that, for the purpose of hindering, delaying and defrauding the creditors of R. N. Hutchinson, and especially those creditors whose claims are represented by the judgments set out in the petition, said defendant had said shares of stock in said corporation, without any actual consideration having been paid therefor, issued in the name of his minor son, R. P. Hutchinson, and he now holds and claims to own the same. The petition further alleges, that after careful inquiry it has been unable to find any property of the defendant R. N. Hutchinson subject to levy under execution, and alleges the fact to be that defendant R. N. Hutchinson is wholly insolvent, and that unless said shares of stock of the Dodge City Ice Company are subjected to the payment of said judgment they cannot be collected. The petition then alleges the necessary facts to obtain an injunction against the ice company and R. P. Hutchinson to restrain them from the transfer of such shares of stock until such time as the case could be heard by the district court. We think that this petition contains sufficient facts to constitute a good cause of action in favor of the plaintiff and as against all of the defendants, and think that the judgment of the district court in sustaining the demurrer of R. N. Hutchinson was erroneous.

For the error hereinbefore stated the judgment is reversed, and the case remanded to the district court, with direction to set aside the judgment and overrule the demurrer, and grant the parties a new trial.

All the Judges concurring.